**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CONNIE S. BIGLER** **PLAINTIFF**

**v.** **NO. 4:25-cv-01147-JM-PSH**

**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

# ORDER

On September 15, 2026, the Court gave pro se plaintiff Connie S. Bigler ("Bigler") up to, and including, October 28, 2026, to file a brief in which she explains why the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence on the record as a whole. See Docket Entry 6. In the Order, Bigler was cautioned that her failure to file a timely brief might result in the dismissal of this case for failure to prosecute.

October 28, 2026, has now come and gone, and Bigler has not filed a brief. She is now given up to, and including, November 13, 2026, to file a brief in which she explains why the ALJ's decision is not supported by

substantial evidence on the record as a whole.[1] In the event Bigler fails to file a brief on or before November 16, 2026, the Court will recommend that this case be dismissed for failure to prosecute and because she is in violation of Local Rule 5.5(c)(2).[2]

IT IS SO ORDERED this 4th day of November, 2026.

UNITED STATES MAGISTRATE JUDGE

[1] In the brief, Bigler must provide a brief history of the administrative proceedings, a brief statement of the relevant facts, and identify the specific points of error committed by the ALJ. Bigler may, but is not required to, include the citation of legal authority in support of her points of error, but she should include specific page references when citing the administrative transcript. Bigler shall serve a copy of her brief on the Commissioner of the Social Security Administration and shall include a certificate of service with the brief.

[2] Local Rule 5.5(c)(2) provides, in full, the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.