**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CONNIE S. BIGLER** **PLAINTIFF**

**v.** **NO. 4:25-cv-01147-JM-PSH**

**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Connie S. Bigler ("Bigler") began this case by filing a pro se complaint. See Docket Entry 2. In the complaint, Bigler challenged the final decision of the Commissioner of the Social Security Administration ("Commissioner"). In the decision that became the Commissioner's final decision, an Administrative Law Judge ("ALJ") found that Bigler is not disabled for purposes of the Social Security Act and is therefore not entitled to disability benefits and/or supplemental security income payments.

The Commissioner subsequently filed the transcript, or record, of the administrative proceedings. See Docket Entry 5. The Commissioner's submission served as his answer to Bigler's complaint.

Bigler was then given up to, and including, October 28, 2026, to file a brief in which she explained why the ALJ's decision is not supported by substantial evidence on the record as a whole. See Docket Entry 6.[1] In the same Order, Bigler was cautioned that her failure to file a timely brief might result in the dismissal of this case for failure to prosecute. Because

---

1 Bigler was directed to provide in her filing a brief history of the administrative proceedings, a brief statement of the relevant facts, and identify the specific points of error committed by the ALJ. Bigler was instructed that she could, but was not required to, include the citation of legal authority in support of her points of error, but she should include specific page references when citing the administrative transcript. Bigler was directed to serve a copy of her brief on the Commissioner and include a certificate of service with her brief.

she was proceeding without the assistance of counsel, she was reminded of her obligation to comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Arkansas. She was specifically directed to Local Rule 5.5(c)(2), which provides, in full, the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

October 28, 2026, came and went without Bigler filing a brief in this case. Out of an abundance of caution, she was given another opportunity to file a brief and given up to, and including, November 13, 2026, to do so. See Docket Entry 7. She was cautioned that in the event she failed to file a brief on or before November 13, 2026, the undersigned would recommend that this case be dismissed for failure to prosecute and because she is in violation of Local Rule 5.5(c)(2).

November 13, 2026, has now come and gone, and Bigler has done nothing. She has not filed a brief or requested an extension of time to do so.

A federal court is vested with the inherent power to police its docket. As a part of that power, the court may dismiss a case when a party fails to monitor the progress of the case or fails to prosecute or defend it in a timely and diligent manner. See Local Rule 5.5(c).

Bigler has failed to monitor the progress of this case and has failed to prosecute it in a timely and diligent manner. Having weighed the competing interests, and on the basis of the inherent policing power noted above, the undersigned recommends that her complaint be dismissed without prejudice. A separate judgment should also be entered.

DATED this 18th day of November, 2026.

UNITED STATES MAGISTRATE JUDGE